FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL 18 AM 10: 28

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

MUELLER COPPER TUBE )
PRODUCTS, INC. )
)
        Plaintiff, )
)
vs. )          No.    04-2617 Ma/V
)
PENNSYLVANIA MANUFACTURERS' )
ASSOCIATION INSURANCE COMPANY, )
)
        Defendant. )

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

---

Before the court is the June 13, 2005 motion of the plaintiff,
Mueller Copper Tube Products, Inc. ("Mueller"), requesting that the
court order the defendant, Pennsylvania Manufacturers' Association
Insurance Company ("PMA"), to fully produce answers to plaintiff's
First Set of Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10,
11, 12, and 13 and plaintiff's First Request for Production of
Documents Nos. 2, 3, 4, 6.  Mueller also seeks expenses and fees
pursuant to Rule 37(a)(4)(A) for bringing the motion to compel.
This motion has been referred to the United States Magistrate Judge
for determination.  For the following reasons, the motion is
granted in part and denied in part.

### BACKGROUND

In 1999, Mueller was named as a defendant in a lawsuit brought

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-18-05

24

pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* In that case, the plaintiffs alleged that Mueller was liable for clean-up costs for two hazardous waste sites located in Eastern Arkansas. The case was settled by Mueller in December of 2004.

In the present case, Mueller is seeking a declaratory judgment/insurance coverage for the expenses incurred in the underlying lawsuit from PMA. Mueller claims that PMA is required to provide coverage, including a defense, for all claims asserted against Mueller pursuant to insurance policies issued between 1967 and 1977 by PMA to Halstead Industries, Inc., which was acquired later by Mueller. Mueller contends that the insurance policies provide coverage for property damage and each contains a "duty to defend" clause. PMA has denied coverage and has asserted fourteen affirmative defenses, partly based on its interpretation of the insurance policies at issue in this case.

On January 21, 2005, Mueller served PMA with its first set of interrogatories and first request for production of documents. In its requests, Mueller asked that PMA provide certain facts regarding the applicable insurance policies. It also requested that PMA identify the provisions in the insurance policies for which it has relied upon in denying coverage and asserting its affirmative defenses.

2

After Mueller agreed to an extension of time for PMA to respond, PMA served its responses to the discovery requests on April 4, 2005. According to Mueller, the responses were "grossly deficient, providing no information whatsoever." After consultation between counsel for both parties, PMA presented a "corrected" version of its responses to Mueller. Again, Mueller felt as if the materials it had received from PMA was completely non-responsive. After further discussions, PMA agreed to provide complete and proper discovery responses by May 3, 2005. On May 3, 2005, Mueller did not receive any supplemental discovery responses. Instead, Mueller received a letter from opposing counsel explaining one of its affirmative defenses. After a final request for proper responses, Mueller received nothing.

On June 13, 2005, Mueller filed this motion to compel demanding that PMA fully and completely respond to its First Set of Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 and its First Request for Production of Documents Nos. 2, 3, 4, 6. PMA filed a timely response objecting to Mueller's demands.

ANALYSIS

I.   INTERROGATORIES

Interrogatories No. 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 seek information in regard to the affirmative defenses asserted by PMA. PMA initially responded to several of these requests by objecting

3

that the "interrogatory is premature in that discovery has only commenced and the above interrogatory seeks information that may be subject to expert proof." Since that time, PMA avers that it has supplemented its interrogatory responses with the expert report of Robert W. Lazarus. (Def.'s Resp. to Pla.'s Mot. to Compel, Ex. 1.) Mueller did not mention the export report in its motion and the court is unclear as to when this report was delivered to Mueller. From a review of the report, the court has determined that information present in the report is non-responsive to Interrogatories No. 2, 3, 4, 5, 6, 8, 9, 10, 11. The court finds, however, that the expert report, along with PMA's letter dated May 3, 2005, specifically address Interrogatory No. 7. As such, Mueller's motion to compel in regard to Interrogatory No. 7 is denied, without prejudice.

PMA also contends that pursuant to Federal Rule of Civil Procedure 33(d) it has adequately responded to Mueller's requests simply by producing the insurance policies at issue. Federal Rule of Civil Procedure 33(d) states as follows:

> (d) Option to Produce Business Records.
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, . . . and the burden of deriving or ascertaining th answer is substantially the same for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived

4

or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records . . . .

Federal Rule of Civil Procedure 33(d). However, the policies produced by PMA are non-responsive on their face to Interrogatories No. 2, 5, 6, 9. These requests ask for facts known to PMA concerning actions taken by Mueller in connection with the underlying lawsuit. It is undeniable that the polices do not contain facts within the knowledge of PMA officials and/or counsel for PMA. Accordingly, Mueller motion to compel responses to these interrogatories is granted.

In regard to Interrogatories No. 3, 4, 8, 10, and 11, Mueller's motion to compel is also granted. Again, PMA relies on Rule 33(d) for the proposition that it has properly responded to discovery requests. The court finds that Rule 33(d) does not apply in this situation. These interrogatories are designed to elicit information regarding affirmative defenses that have been asserted by PMA. Each interrogatory requests that PMA identify the specific provision in the insurance policy for which it has based its affirmative defenses. Because PMA is asserting an affirmative defense, it is in the best position to know what provision in the policies allows it to do so, and it undoubtedly referred to these specific provisions before raising affirmative defenses to Mueller's complaint. The burden of deriving or ascertaining the

5

answer to Mueller's interrogatory is not substantially the same for Mueller as it is for PMA as is required by Rule 33(d). Accordingly, PMA is ordered to provide Mueller with complete responses to Interrogatories No. 3, 4, 8, 10, and 11, citing to specific provisions of the insurance policies in order to satisfy Mueller's requests.

Interrogatory No. 1 requests that PMA identify the reasons for its denial of Mueller's claim under the policies. The court has reviewed the letter dated May 3, 2005, written by counsel for PMA, Robert J. King, and finds that the letter is responsive to Interrogatory No. 1. (Def.'s Resp. to Pla.'s Mot. to Compel, Ex. 2). The letter provides PMA's reasons for denying Mueller's claim and cites portions of the policies for which PMA relies. Nevertheless, this letter does not formally supplement the interrogatory answers. The court orders that PMA formally respond to Interrogatory No. 1 in a sworn answer restating the information that has been provided in the May 3, 2005 letter.

Interrogatory No. 12 requests that PMA identify the "limit on Property Damage Liability for 'each occurrence'" and "the 'aggregate' limit on Property Damage Liability." PMA contends that it has properly answered this interrogatory pursuant to Federal Rule 33(d) by specifying that the answer can be derived from the policies that have been delivered to Mueller. In this situation,

6

the court agrees.   It appears to the court that the burden of ascertaining the answer to Interrogatory No. 12 from the policies is substantially the same.   Nothing would indicate otherwise. Therefore, Mueller's motion to compel in regard to Interrogatory No. 12 is denied.

Finally, in regard to Interrogatory No. 13, Mueller's motion is granted.   Interrogatory No. 13 requests that PMA state whether attorneys' fees incurred in defending a suit for which it has a duty to defend under each policy are deducted from the insurance proceeds.   PMA's response to this interrogatory was that the "interrogatory is premature in that discovery has only commenced and the above interrogatory seeks information that may be subject to expert proof."   The court is unable to determine how this interrogatory is premature or subject to expert proof. Accordingly, PMA is ordered to respond fully and completely to Interrogatory 13.

In sum, Mueller's motion to compel is granted in regard to Interrogatories No. 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13.   PMA is directed to respond to these interrogatories in accordance with this order within fifteen (15) days from the date of entry of this order.   The motion to compel is denied as to Interrogatory 1, 7, and 12.   However, PMA is ordered to provide a sworn statement detailing its answer to Interrogatory No. 1 at the same time its

answers to the other interrogatories are due.

II.   REQUESTS FOR DOCUMENTS

Mueller also insists that PMA's responses to its requests for documents No. 2, 3, 4, and 6 are deficient.  These requests seek all documents referring or relating to Halstead, Mueller or Mueller Industries, Inc.; documents that refer or relate to any facility or property ever owned by the same; documents that refer or relate to the underlying litigation, and documents that support or relate to any affirmative defense asserted by PMA, respectively.  PMA objects to such requests on the basis that they are "overly broad, all encompassing, unduly burdensome;" call for material protected by the attorney-client privilege or protected by attorney work product; and are not "reasonably designed to lead to the discovery of admissible evidence."

PMA, however, has failed to demonstrate how the requests for production of these documents is overly broad, all encompassing, or unduly burdensome.  PMA has also failed to show the court that these requests are not reasonably designed to lead to the discovery of admissible evidence.   What the court is left with is mere conclusory statements by PMA that this is truly the situation.  On that alone, the court cannot accept PMA's contentions.

As for PMA's objection that the certain requested documents are attorney-client privileged or attorney work product, Mueller

8

concedes that PMA is not required to produce such material; however, Mueller correctly states that PMA must produce a privilege log for such documents. PMA maintains however that it is not required to produce a privilege log. Federal Rule of Civil Procedure 26(b)(5) states that when information is withheld on a claim of privilege or as protected trial preparation materials, then the claim must be made "expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." FED. R. CIV. P. 26(b)(5). Thus, pursuant to Rule 26(b)(5), PMA is ordered to produce a privilege log for the documents it claims are attorney-client privileged or attorney work product. This will allow Mueller to evaluate the applicability of the claimed privilege or protection.

Accordingly, PMA is ordered to produce documents that are responsive to request No. 2, 3, 4, and 6 within fifteen days from the date of this order. For those documents that PMA claims a privilege, PMA is directed to produce a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) within fifteen days from the date of this order.

III.    SANCTIONS

Mueller also requests reasonable expenses including attorneys's fees, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 provides that if a motion to compel is granted:

> "the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4)(A). PMA was substantially justified in interposing certain objections to the requests for production and interrogatories, and sanctions, therefore, would be improper. While Mueller has been successful in part of this motion, it appears that PMA acted in good faith in attempting to negotiate a narrowing of the scope of discovery with Mueller. Accordingly, no sanctions are ordered at this time, and each party shall bear its own costs.

## CONCLUSION

For the reasons stated above, Mueller's motion to compel is granted as to Interrogatory No. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 13 and to Request for Documents No. 2, 3, 4, and 6. The motion is denied as to Interrogatories 1, 7, and 12. Furthermore, PMA is directed to provide responses to these interrogatories and requests

10

for documents and a privilege log within fifteen (15) days of the date of this order. Mueller's motion for sanctions is denied.

IT IS SO ORDERED this 15th day of July, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

11

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02617 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

George W. House
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD
P.O. Box 26000
Greensboro, NC 27402

Robert J. King
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD
P.O. Box 26000
Greensboro, NC 27402

John S. Wilson
WYATT TARRANT & COMBS
1715 Aaron Brenner Dr.
Ste. 800
Memphis, TN 38120--436

Honorable Samuel Mays
US DISTRICT COURT