FILED BY _____ D.C.

05 OCT 26  AM 10: 55

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MUELLER COPPER TUBE PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No.   04-2617 MaV |
| PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT

Before the court is the October 6, 2005 motion of the plaintiff, Mueller Copper Tube Products, Inc. ("Mueller"), to file an amended and supplemental complaint pursuant to Rule 15(a) and Rule 15(d) of the Federal Rules of Civil Procedure. Defendant, Pennsylvania Manufacturers Association Insurance Company ("PMA"), opposes the motion.[1]

In the original complaint, Mueller alleged that it was entitled to declaratory relief and compensatory damages because Mueller was covered by PMA insurance policies, Mueller had made demand for coverage and defense relating to an action, and PMA did

---

[1] In its response memorandum, PMA also requested a hearing on the motion. Because the court has determined that a hearing is not necessary, PMA's request is denied. *See* Local Rule 7.2(c).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on __10-26-05__

39

not provide such coverage or defense. Since filing the original complaint, Mueller claims it discovered that PMA has engaged in conduct that constitutes bad faith and a violation of the governing law of Pennsylvania. Mueller claims that because of such bad faith conduct, it is also entitled to punitive damages, interest, court costs and attorney fees pursuant to 42 Pa. C.S.A. Sec. 8371.

Specifically, Mueller claims that it discovered the following bad faith conduct: (1) PMA failed to conduct any investigation of Mueller's claim from the time such claim was made in 1999 until Mueller filed the present action against PMA in August of 2004; (2) PMA failed to communicate substantively with Mueller, its insured, during that period; (3) during the course of the litigation, PMA has taken conflicting positions with regard to the existence of various insurance policies between the parties; and (4) during the course of the litigation, PMA has based its denial of insurance coverage on a position that is contrary to its own expert's report. With respect to claims (1) and (2), Mueller seeks to amend its complaint pursuant to Rule 15(a). With respect to claims (3) and (4), Mueller seeks to supplement its pleadings pursuant to Rule 15(d).

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Under Rule 15(a), the court has some discretion in allowing

2

amendments. Factors to consider include prejudice to the opposing party, delay, and futility of amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, Rule 15(d) provides that the court may permit a party to serve a supplemental pleading setting forth transactions or occurrences that have happened since the date of the pleading "upon reasonable notice and upon such terms as are just." FED. R. CIV. P. 15(d).

According to Mueller, it did not delay in filing the current motion because the facts supporting the proposed amended and supplemental complaint only recently came to light during a deposition taken on August 25, 2005. PMA argues that despite Mueller's statements to the contrary, Mueller had knowledge of the facts giving rise to the proposed amended complaint - or should have had such knowledge - for some time. This court finds that Mueller did not unduly delay in filing the current motion, as the facts supporting the proposed amended complaint were based, in part, on discoveries made during an August 15, 2005 deposition.

Mueller also claims that PMA would not be unduly prejudiced by the amended and supplemental complaint because the trial is scheduled for February 21, 2006, PMA has only served one set of discovery requests, PMA has not taken any depositions, and the discovery period has not yet closed. Mueller also claims that PMA cannot be surprised by the new allegations because it was aware

3

that it did not investigate Mueller's claim. To the contrary, PMA argues that it would be unduly prejudiced by allowing an amendment to the complaint at this late date.[2] This court finds that PMA would not be unduly prejudiced by Mueller's amended and supplemental complaint because the parties have ample time to conduct discovery prior to the November 15, 2005 discovery deadline.

Finally, Mueller claims that the proposed amended and supplemental complaint would not be futile. Pennsylvania law[3] provides a statutory remedy for an insurer's bad faith conduct that includes the award of punitive damages, interest, court costs and attorney fees. *See* 42 Pa. C. S. A. Section 8371. Courts have held that an insurer's failure to investigate claims and communicate with the insured, as alleged in Mueller's proposed amended complaint, constitutes bad faith conduct that triggers the remedies

---

[2] In addition, PMA argues that Mueller should have sought leave to modify the scheduling order, which set the deadline for amending pleadings as February 28, 2005. PMA also claims that when the court entered an amended scheduling order on August 8, 2005, Mueller effectively agreed that it would not amend its complaint despite the fact that discovery would be ongoing. The court's August 8, 2005 order extended the discovery deadline to November 15, 2005, but did not change the February 28, 2005 deadline for amending pleadings. The court finds that good cause exists to extend the deadline.

[3] The parties agree, for the purposes of this motion, that Pennsylvania law governs the insurance contract.

4

under that provision. *See Livornese v. Medical Protective Co.*, 219 F. Supp. 2d 645, 647 (E.D. Pa. 2002) *rev'd in part on other grounds*, 136 Fed. Appx. 473 (3d. Cir. 2005). In addition, courts have held that the insurer's conduct during the course of litigation can be considered when determining whether it has acted in bad faith. *See Krisa v. Equitable Life Assurance Society*, 109 F. Supp. 2d 316, 320 (M.D. Pa. 2000).

In contrast, PMA claims that Mueller's proposed amended and supplemental complaint would be futile because, even though Tennessee's choice of law rules indicate that Pennsylvania law should govern the construction and validity of the insurance contract, Tennessee will not apply a foreign law that is contrary to Tennessee's public policy or is penal in nature. *Paper Products Co. v. Doggrell*, 261 S.W.2d 127 (Tenn. 1953). PMA claims that 42 Pa. C. S. A. Section 8371 is contrary to Tennessee public policy because Tennessee does not have a law that imposes punitive damages for an insurance company's bad faith. According to PMA, the only Tennessee law that is even close, T.C.A. Section 56-7-105, only provides that an insurance company that fails to pay in bad faith is liable for "a sum not exceeding twenty-five percent (25%) on the liability for the loss." In support of its position, PMA cites to *Fred Simmons Trucking, Inc.*, which states that "[p]unitive damages are inappropriate . . . because the statutory penalty [T.C.A.

5

Section 56-7-105] is applicable, and also because such damages are not generally awarded in cases of breach of contract." *Fred Simmons Trucking, Inc. v. U.S. Fidelity & Guar. Co.*, 2004 WL 2709262 at *5 (Tenn. Ct. App.). Finally, PMA also claims that 42 Pa. C. S. A. Section 8371 is clearly penal in nature because the statute imposes a duty and prescribes a penalty for the breach of that duty.

In contrast, Mueller argues in its reply memorandum that T.C.A. Section 56-7-105, the Tennessee law cited by PMA, illustrates that it is not against Tennessee public policy to award damages over and above compensatory relief for an insurer's bad faith conduct. Mueller did not address whether 42 Pa. C. S. A. Section 8371 was penal in nature in its reply memorandum. Because it is unclear to the court at this time based on the authorities cited by the parties whether 42 Pa. C. S. A. Section 8371 is contrary to Tennessee public policy or penal in nature, this court declines to find that Mueller's motion would necessarily be futile.

Accordingly, the plaintiff's motion to file an amended and supplemental complaint is granted.

IT IS SO ORDERED this 25th day of October, 2005.

*[signature]*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 2:04-CV-02617 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

John S. Wilson
WYATT TARRANT & COMBS
1715 Aaron Brenner Dr.
Ste. 800
Memphis, TN 38120--436

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Robert J. King
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD
P.O. Box 26000
Greensboro, NC 27402

George W. House
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD
P.O. Box 26000
Greensboro, NC 27402

Honorable Samuel Mays
US DISTRICT COURT